IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00535-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. OMAR BRICENO-QUIJANO,
2. OFELIA LOPEZ,
3. LUIS ALBERTO IBARRA-TADEO,
4. ROMEO LUJAN,
5. ANGELINA MAESTAS,
6. JOSEPH DAVIS,
7. NAOMI VAUGHN,
8. JONTE LEFLORE,
9. DUSTIN DEBARRIS,
10. STEVEN JONES,
11. FRANK ARROYO,
12. AMANDA LEE SUMPTER, and
13. NICOLE WICKMAN.

    Defendants.

---

**GOVERNMENT MOTION TO DESIGNATE CASE AS COMPLEX
PURSUANT TO 18 U.S.C. § 3161 (h)(8)(B)(ii)**

---

NOW COMES THE UNITED STATES OF AMERICA, Jason R. Dunn, United States Attorney, by Zachary H. Phillips, Assistant United States Attorney, and requests that this Court hold a hearing to determine whether the above-captioned case should be designated as complex, pursuant to Title 18 U.S.C. § 3161 (h)(8)(B)(ii).

In support of this motion, the government states the following:

1.     The government asserts that, under 18 U.S.C. § 3161 (h)(8)(B)(ii), the nature of this prosecution would make it unreasonable to expect adequate preparation

for pre-trial proceedings and for the trial itself within the time limits established by this statute. The government's argument is based on the following:

2. This investigation began in January 2019, and continued throughout the calendar year of 2019. The investigation involved approximately 6 months of Title III, Court authorized interceptions of wire communications occurring on 4 different phones which included extensions or re-interceptions of some phone lines. There are an estimated 21,540 call records which will be part of the discovery in this case just stemming from the wiretaps alone.

3. During the course of the investigation, more than 5,800 of those calls were deemed to be pertinent calls involving criminal activity.

4. Because much of the evidence in this indictment arose as a result of the wiretaps, the defendants will need full discovery of all of this information in order to prepare for pre-trial motions such as the motion to suppress the wiretaps. Clearly, the defendants will require a substantial amount of time to review the material and to prepare their motions.

5. Moreover, many of the conversations intercepted on the wiretaps and deemed to be pertinent calls during the course of these wiretaps were in the Spanish language. The government has several translators working to prepare English transcripts of the Spanish communications.

6. During the course of the investigation, there were approximately five different stationary pole cameras used, as well as surveillance cameras used at at least five separate locations for a period of time. These cameras resulted in the recordings of hundreds and possibly thousands of hours of recordings of surveillance. In addition, there

were hundreds of tolls records gathered.  All of these means of gathering information generate document production which will be a component of the discovery in this case.

7.      Due to the number of defendants and the vast amount of discovery, including numerous tape recordings of conversations of the defendants, reports, surveillance logs, and wiretap documents, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by Title 18 United States Code, Section 3161.

8.      The indictment charges all thirteen of the defendants with conspiracy to distribute and possess with the intent to distribute various types and amounts of illegal narcotics.

9.      Additionally, there were search warrants served at eight different locations that were executed during the course of the investigation in the state of Colorado.   During the execution of these warrants, evidence was seized.  The government further anticipates that there will be pre-trial litigation regarding the admissibility of this evidence. Additionally, there were numerous search warrants of telephones and similar electronic type devices.

10.     With respect to other pre-trial litigation, the government would anticipate (1) discovery motions, (2) motions attacking the face of the indictment, (3) motions to suppress the wiretaps, (4) motions to suppress physical evidence, (5) motions to suppress statements, (6) motions relating to the admissibility of evidence under Rules 404(b), 608 and 609 of the Federal Rules of Criminal Procedure, and (7) motions relating to admissibility of co-conspirator statements.  The government further believes that the

defense will require additional time to adequately investigate these issues, to prepare their motions, and to litigate these motions prior to trial.

11. Additionally, the government anticipates that there will be thousands of pages of discovery in this case. The magistrate court originally set a discovery deadline of February 7, 2020, however, the government does not believe that it can have all discovery provided according to that deadline due to the complex and voluminous nature of the case. The government would ask the Court to set its own deadline for discovery production.

12. Further, defendant number 4, Romeo Lujan, was recently arrested and detained in the United States District Court for the District of New Mexico and has presently not appeared in the District of Colorado. The defendant is being transported by the United States Marshals Service, and his date of arrival in this District is unknown at this time.

13. Given the number of defendants, the amount of discovery to be reviewed and the complexity of the charges, the government believes that the ends of justice will be served by the Court entering a complex case designation under 18 U.S.C. §3161(h)(8)(b)(ii) and continuing the 70 day trial deadline to a date acceptable to all parties. Such a continuance outweighs the best interests of the public and the defendants in a speedy trial.

14. AUSA Zachary Phillips has contacted all of the attorneys representing defendants in this case in the past five days. None of the attorneys object to the filing and granting of this proposed motion.

15. Wherefore, the government respectfully requests that the Court hold a hearing on the Government's Motion for a Complexity Designation and declare the case complex under Title 18, United States Code, Section 3161.

Dated this 4th day of February, 2020.

                                      JASON R. DUNN
                                      United States Attorney

By: *s/Zachary Phillips*
     ZACHARY PHILLIPS
     Assistant United States Attorney
     U.S. Attorney's Office
     1801 California St., Suite 1600
     Denver, CO 80202
     Telephone (303) 454-0118
     Fax (303) 454-0401
     e-mail: zachary.phillips@usdoj.gov
     Attorney for the Government

## CERTIFICATE OF SERVICE

  I hereby certify that on this 4th day of February, 2020, I electronically filed the foregoing GOVERNMENT MOTION TO DESIGNATE CASE AS COMPLEX PURSUANT TO 18 U.S.C. § 3161 (h)(8)(B)(ii) using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

              *s/Maggie E. Grenvik*
              Maggie E. Grenvik
              Legal Assistant